**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DANIEL HELLMUTH,                                    Case No. 1:18-cv-397

      Plaintiff,

                                          Barrett, J.

      vs.                                              Bowman, M.J.

LEANNE HOOD, et. al.

      Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Lynn Busch-Hayman, Jamy Chaney, Chelsey Holland, Leanne Hood, Rodney Mutterspaw, Arthur Scott, James C. Smith esq., Unknown Middletown Police Officer, Unknown Trenton Police Officer(s) for violations of 42 U.S.C. § 1983, 1st, 4th, and 14th Amendments to the Constitution of the United States of America." (Doc. 8).[1]  For the reasons that follow, the undersigned finds that the court lacks subject matter jurisdiction over this action.

A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  *See also  Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. §

---

[1] Plaintiff filed a "Statement of Claim: on June 21, 2018.  (Doc.8).

1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). *Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans. See Tingler,* 716 F.2d at 1111.

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-

2

me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff complaint purports to bring claims under section 1983 of the civil rights act. However, upon close inspection, Plaintiff's complaint involves a civil dispute between his daughter over the ownership of his former residence and return of personal property from that residence. (See Doc. 1). Notably, Plaintiff's daughter arranged for police officers to be present on at least two occasions while the Plaintiff came to the residence to gather some personal property.

Plaintiff filed an amended complaint on June 18, 2018. (Doc. 4). The amended complaint however, only appears to include additional factual allegations relating to the incidents in question. The amended complaint does not appear to include any additional claims and does not include a prayer for relief. This matter appears to be a domestic dispute of sorts that is currently part of a pending case in state court.

As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Namely, Plaintiff's initial complaint and/or his amended complaint do not assert any claims arising under federal law or include sufficient allegations to establish diversity jurisdiction. Accordingly, Plaintiff's conclusory references to violations of his civil rights are not sufficient-even if they did not merit dismissal under Fed.R.Civ.P. 12(b)(6)-to grant federal jurisdiction.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

_s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DANIEL HELLMUTH,                                        Case No. 1:18-cv-397

     Plaintiff,

                                          Barrett, J.
     vs.                                                    Bowman, M.J.

LEANNE HOOD, et. al.

     Defendants.


**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).