**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DANIEL HELLMUTH, | Case No. 1:18-cv-397 |
| Plaintiff, | |
| vs. | Barrett, J.<br>Bowman, M.J. |
| LEANNE HOOD, et. al. | |
| Defendants. | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Lynn Busch-Hayman, Jamy Chaney, Chelsey Holland, Leanne Hood, Rodney Mutterspaw, Arthur Scott, James C. Smith, Esq., Unknown Middletown Police Officer, Unknown Trenton Police Officer(s) for violations of 42 U.S.C. § 1983, as well as various constitutional claims. (Doc. 8). On June 26, 2018, the undersigned issued a Report and Recommendation that this matter be *sua sponte* dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 16). This matter is now before the Court on Defendants motions to dismiss (Docs. 18, 20) and Plaintiff' motion to amend the state of the claim. (Doc. 23).

I. **Background and Facts**

Plaintiff's complaint relates to an ongoing property dispute between Plaintiff and his daughter and son-in-law, Leanne Hood and Herbert Hood II. The dispute relates to the conveyance of, and Plaintiff's ownership interest in, a property at 800 Dry Ridge Court in Trenton, Ohio in 2015 ("the property"). In 2017, Plaintiff filed suit in the Butler County Court of Common Pleas, generally alleging that the Hoods breached various

1

agreements relating to the transfer of the property to them. See Doc. 20, Ex. 1.[1] The Hoods counterclaimed for quiet title and partition and moved for summary judgment on their counterclaim. Magistrate Busch-Heyman was assigned to the case, and she presided over a hearing in that case on February 1, 2018. *Id.* at Ex. 2 Following the hearing, Magistrate Busch-Heyman ordered that Plaintiff be allowed to enter the residence on February 3, 2018 for two hours to obtain personal property and inventory items to be returned to him at a mutually agreeable future date. *Id.* Magistrate Busch-Heyman further ordered that the Hoods were permitted to have law enforcement present to maintain the peace. *Id.*

On April 18, 2018, Plaintiff voluntarily dismissed his claims without prejudice under Ohio Civ. R. 41(a). On May 18, 2018, Plaintiff filed a similar lawsuit in this Court, under Case No. 1:18-cv-00340-MRB-KLL, which is still pending. On June 1, 2018, the Butler County Court of Common Pleas affirmed Plaintiff's voluntary dismissal of his claims and granted the Hoods' motion for summary judgment on their counterclaim. (Doc. 20, Ex. 3).

Thereafter, Plaintiff filed this action on June 6, 2018, seeking have his property returned "according to the Ohio rules of court" [sic] and further asserts "violations of my 1st, 4th, 5th, 7th, and 14th Amendments" to the U.S. Constitution. (Doc. 1).

On June 18, 2018, Plaintiff filed an "Amended Original Complaint" (Amended Complaint). The Amended Complaint alleges that Magistrate Busch-Heyman "directed"

---

[1] See Doc. 20, Ex. 1. Notably, "[a] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims therein, without converting the motion [to dismiss] into one for summary judgment." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). "Matters of public record include records of other courts." *Eggerson v. United States*, 2006 U.S. Dist. LEXIS 41873 at *9 (W.D. Mich. Jun. 22, 2006). Accordingly, this Court may take judicial notice of public records without converting this Motion into a motion for summary judgment.

Plaintiff to visit his house on an unspecified date. It describes the actions of several Trenton police officers and individuals Leanne Hood and Herbert Hood II during this visit, stating that these individuals positioned their cars and police cruisers in a manner Plaintiff found offensive or threatening. These individuals also prevented Plaintiff from entering his house to retrieve his belongings. (Doc. 4, ¶ 1-4). Because Plaintiff is a Vietnam War veteran and "recognized an ambush when I saw one," Plaintiff believed he was "being set up for a police shooting." *Id.* at ¶ 3-5. Plaintiff further alleges that the incident report prepared by the Trenton Police Department listed him as having a "CCW" (presumably, carrying a concealed weapon) and characterized him as a "veteran who has been mentally unstable." Id. at ¶ 5

The Amended Complaint further alleges that Magistrate Busch-Heyman presided over a hearing relating to the above incident in which she ordered Plaintiff to visit the house again to inventory his personal property and denied Plaintiff's request to have a sheriff's deputy accompany him to the property. Plaintiff states that during a subsequent hearing, Magistrate Busch-Heyman "ordered me to be quiet and I was not to make any more filings." Id. at ¶ 7. The Amended Complaint does not specify a statute, Constitutional provision, or common law cause of action under which Plaintiff brings his claims; nor does he request any specific relief.

On June 20, 2018, Plaintiff filed a document entitled "Statement of Claim" in which he sets forth additional factual allegations and appears to be an attempt to amend the complaint. However, this statement appears to be virtually identical in content to the Amended Complaint.

Now before the Court are Defendants James Smith, Esq and Magistrate Busch-

Heyman motions to dismiss Plaintiff's claims against them. Also before the Court is Plaintiff's motion to amend the State of the Claim. (Doc. 23). The motions will be addressed in turn.

**II. Motions to Dismiss**

A federal district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, "[a] court must liberally construe pleadings by a pro se litigant, and no matter how unartfully pleaded, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers." *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 642 (S.D. Ohio 2011). (*Quoting Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Despite this less stringent standard, a complaint must contain "(1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" Id. (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, passim (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint need not contain detailed factual allegations, yet it must provide 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *Anderson*, 780 F. Supp. 2d at 642 (quoting Iqbal, 129 S. Ct, at 1949). A plaintiff need not plead specific facts, but the plaintiffs statements must "give the defendant fair notice of what the claim

is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007).

Defendant James C. Smith now moves to dismiss Plaintiff's claims against him. Defendant Smith is an Ohio attorney who represents Leanne and Herbert Hood, also defendants in this case, in an underlying action in the Court of Common Pleas, Butler County, Ohio. (See Amended Complaint, Doc. 4, ¶ 6). Plaintiff's claims against Defendant Smith appear to arise from one or more oral statements made by Attorney Smith during court proceedings in connection with his representation of the Hoods in the underlying Butler County suit. Such allegations fail to state any legal claim for relief against Defendant Smith. Moreover, Smith's statements are protected by absolute privilege because they were made by a lawyer in connection with a court proceeding. The law is clear that statements made by an attorney during the course of, or as part of, a judicial proceeding are absolutely privileged. *See Theiss v. Scherer*, 396 F.2d 646, 649 (6th Cir. 1968) (quoting ALI Restatement, Torts § 586 (1938)).

Magistrate Lynn Bush-Hayman also seeks to dismiss Plaintiff's claims asserted against her. To the extent that Plaintiff's Amended Complaint can be construed as a challenge to Magistrate Busch-Heyman's orders or rulings in the state court action, Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923)(the *Rooker-Feldman* doctrine prevents a district court from reviewing a state court's judgment). Furthermore, Magistrate Busch-Heyman is absolutely immune from Plaintiff's suit. See *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity

from suits arising out of the performance of their judicial functions).

In light of the foregoing, the undersigned finds that Defendants motions to dismiss (Docs. 18, 20) are well-taken and should be granted.

### III. Motion to Amend

Also before the Court is Plaintiff's motion to amend the State of the Claim. Plaintiff's motion is not well-taken. As noted above, Plaintiff filed a State of the Claim and brief which appears to be an attempt to amend the complaint. However, as noted by Defendants, such filings are procedurally improper. Notably, Fed. R. Civ. P. 7 provides an exclusive list of pleadings that are allowed; Plaintiffs' filings after the Amended Complaint of June 18, 2018 are not included on that list. The undersigned agrees that Plaintiffs' pro se status does not absolve him of his responsibility to conform his pleadings and conduct to the Federal Rules of Civil Procedure.

In any event, even if the Court were to construe Plaintiff's State of the Claim as an attempt to amend the complaint, such amendment should be denied as futile because such allegations fail to state a claim for relief. As outlined in the Court's prior R&R, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Namely, Plaintiff's initial complaint and/or his amended complaint do not assert any claims arising under federal law or include sufficient allegations to establish diversity jurisdiction. Accordingly, Plaintiff's conclusory references to violations of his civil rights are not sufficient-even if they did not merit dismissal under Fed.R.Civ.P. 12(b)(6)-to grant federal jurisdiction.

### IV. Conclusion

Accordingly, for these reasons, it is therefore **RECOMMENDED** that 1)

Defendants motions to dismiss (Docs. 18, 20) be **GRANTED**; 2) Plaintiff's motion to amend (Doc. 23) be **DENIED**; 3) all remaining pending motions be **DENIED as MOOT.** (Docs. 3, 17, 24, 25, 27, 28, 31, 32, 38, 41, 44, 46); and 4) this action be **DISMISSED** in entirety with **PREJUDICE** for failure to state a claim for relief.[2] It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

[2] The parties are further notified that no additional motions shall be filed in this matter pending the District Judge's disposition of this Report and Recommendation.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DANIEL HELLMUTH, | Case No. 1:18-cv-397 |
| Plaintiff, | |
| vs. | Barrett, J.<br>Bowman, M.J. |
| LEANNE HOOD, et. al. | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).