# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Daniel L. Hellmuth,

    Plaintiff,

v.

Leanne Hood, et al.,

    Defendants.

Case No. 1:18-cv-00397

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. 16), and Supplemental R&R, (Doc. 47). Plaintiff is proceeding *pro se* and filed a document titled "Motion to Estoppel" which the Court construes as objections to the R&R, (Doc. 17), and also filed objections to the Supplemental R&R, (Doc. 48); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendant Lynn Busch-Heyman, (Doc. 53), Defendant Rodney Mutterspaw, (Doc. 54), and Defendant Leanne Hood, (Doc. 59), filed responses to Plaintiff's objections to the Supplemental R&R. The Court has reviewed the filings in this matter and it is ripe for review. The Magistrate Judge accurately summarized the factual and procedural background of this case and the Court will repeat that background only when necessary to address Plaintiff's objections or the responses thereto.

## I. STANDARD OF REVIEW

Under 28 U.S.C. §636(b)(1), determinations made by a Magistrate Judge are subject to the review of the district court. With respect to non-dispositive matters, and

when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). With respect to dispositive matters, and when the Court receives timely objections to an R&R, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II.  BACKGROUND

The Magistrate Judge recommends that the Court dismiss this matter with prejudice, as the Court lacks subject matter jurisdiction, as Plaintiff does not assert a claim under federal law or establish diversity jurisdiction. (Doc. 16). She acknowledges that Plaintiff references alleged violations of his civil rights; however, after a review of the Amended Complaint, she finds that his arguments relate to a state court dispute, originating in the Butler County Court of Common Pleas, regarding the proper ownership of residential property. *Id.* (citing Doc. 4).

In his objections, Plaintiff reiterates that Defendant Leanne Hood's statements, made during the course of the state court proceedings to the Trenton Police Department, and found in a Trenton Police Department Incident Report, that Plaintiff has "a C[oncealed carry weapon ("CCW")]" and is a "VETERAN WHO HAS BEEN MENTALLY UNSTABLE"

are inaccurate.[1] (Doc. 17 at PageID 69). He contends that this case deals with "Constitutional violation[s]" involving "the attempt by [Defendant] Hood under the color of law to orchestrate [his] death by police shooting" and is not the same as his residential property dispute. (*Id.*).

In the Supplemental R&R, the Magistrate Judge recommends (1) denying Plaintiff's filing titled "Motion to Amend Statement of the Claim," (Doc. 23); (2) granting Defendant James C. Smith's Motion to Dismiss and Defendant Lynn Busch-Heyman's Motion to Dismiss, (Docs. 18, 20); (3) denying all remaining pending motions, (Docs. 3, 24, 25, 27, 28, 31, 32, 38, 41, 44, 46); and (4) dismissing this matter with prejudice. (Doc. 47).

In his objections to the Supplemental R&R, Plaintiff (1) disagrees with the Magistrate Judge's characterization of the Trenton Police Department Incident Report, while reiterating that Defendant Hood's statements are inaccurate and the Trenton Police Department recorded them without a proper investigation; (2) alleges that Defendants Busch-Heyman and Smith had an ex-parte communication regarding the Trenton Police Department Incident Report during the state court proceedings; (3) alleges that the state court only ruled on one of his motions and "[t]here were claims of Fraud Upon the Court" "but his filings were ignored" by state court judges; (4) argues that, contrary to the Magistrate Judge's finding, none of Defendant Smith's statements are protected by absolute privilege both because "the statements [were] made during an ex parte between [Defendant] Smith and [Defendant] Heyman" and "[n]obody conducted a proper

---

[1] In his Amended Complaint, Plaintiff states that Defendant Hood's statements were an attempt to set him "up for a Police shooting" and "contain the INTENT, that [Defendant] Hood was hopeful a police shooting would take place." (Doc. 4 at PageID 17, 18).

3

investigation of [his] claims;" (5) argues that, contrary to the Magistrate Judge's finding, Defendant Busch-Heyman is not immune from this federal lawsuit because of various actions she took, or did not take, during the state court proceedings; (6) alleges that Defendant Busch-Heyman violated his "rights to Ohio Rules of Common Pleas Court, 2.03," "Ohio Judicial Code, RULE 2.3," "Ohio Judicial Code, RULE 2.6," "his 1st Amendment rights of Free Speech," his 5th Amendment due process rights to a proper investigation of the alleged ex parte communication between Defendants Busch-Heyman and Smith, "his 7th Amendment right to have a jury court;" and (7) asserts that, contrary to the Magistrate Judge's findings, "[c]ases involving violations of the Bill of Rights in the U.S. Constitution by an Honorably Discharged Disabled Veteran are definitely within the Federal Court's jurisdiction." (Doc. 48). He concludes that neither the state court nor this Court have conducted "a proper investigation." (*Id.*).

### III. ANALYSIS

The Court is first compelled to comment on Plaintiff's filings titled "Statement of Claim," "Brief," and "Motion to Amend Statement of Claim" and his assertion that he "reserves the right to amend the filing of" certain documents. (Doc. 1) (Initial Complaint); (Doc. 4) (Amended Complaint); (Doc. 8) ("Statement of Claim"); (Doc. 9) ("Brief"); (Doc. 23) ("Motion to Amend Statement of Claim").

Rule 7 of the Federal Rules of Civil Procedure ("Rules") provides that only certain pleadings are allowed. FED. R. CIV. P. 7(a). Rule 7 lists "a complaint" as a permissible pleading and does not list "a statement of claim" or "a brief." *Id.*; *see Dearing v. Mahalma*, No. 1:11-cv-204, 2011 WL 3739029, at *6 (S.D. Ohio Aug. 24, 2011). To the extent that

4

Plaintiff believes he properly filed a "Statement of Claim," "Brief," or "Motion to Amend Statement of Claim," that facts, arguments, or claims that relate to his Amended Complaint are properly before the Court by his filing of those documents, or that the Court should consider facts, arguments, or claims in those documents to be part of his Amended Complaint, he is incorrect. Those documents, (Docs. 8, 9, 23), are not properly before the Court. *See* FED. R. CIV. P. 7(a).

Rule 15 governs amendments to pleadings before trial. FED. R. CIV. P. 15(a). A party can amend a "pleading once as a matter of course within" twenty-one days of serving the pleading or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[2] FED. R. CIV. P. 15(a)(1). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consequently, to the extent that Plaintiff believes that his assertion that he "reserves the right to amend the filing of this [Amended] Complaint,"[3] is sufficient to allow him to do so, he is incorrect and he, like all parties before the Court, must abide by the Federal Rules of Civil Procedure. (Doc. 4 at PageID 16); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hellmuth v. Hood et al.*, Case No. 1:18-cv-340-MRB-KLL, (Doc 29 at PageID 151, n1, report and recommendation).

Plaintiff neither specifically objects to the Magistrate Judge's recommendation that

---

[2] To be clear, the filing of an amended complaint renders an initial complaint a nullity, because an amended complaint supersedes all prior complaints. *See Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008); *see also Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). So, when Plaintiff chose to file his timely Amended Complaint, (Doc. 4), his Initial Complaint, (Doc. 1), was no longer legally operative. Stated otherwise, after Plaintiff chose to file his Amended Complaint, neither the Magistrate Judge nor the undersigned had to rely on the Initial Complaint or the arguments therein.

[3] Presumably by filing the documents titled "Statement of Claim," "Brief," and "Motion to Amend Statement of Claim." *See* (Docs. 8, 9, 23).

5

the Court deny his filing titled "Motion to Amend Statement of the Claim" nor cites that filing in his objections. (Doc. 48). In light of Plaintiff's obligation to follow the Federal Rules of Civil Procedure and failure to do so without any explanation, in any filing, the Court agrees with the Magistrate Judge's recommendation that his filing titled "Motion to Amend Statement of the Claim" be denied, as it is not properly before the Court. *See* FED. R. CIV. P. 7, 15; *see also Wells*, 891 F.2d at 594. The Court will deny the filing titled "Motion to Amend Statement of the Claim." (Doc. 23).

Turning to the Magistrate Judge's findings, she found that this Court lacks subject matter jurisdiction over this matter, as Plaintiff's Amended Complaint fails to either assert a claim under federal law or establish diversity jurisdiction. (Docs. 16, 47). Plaintiff offers bare disagreements with the Magistrate Judge's findings, introduces new facts and allegations against certain Defendants, or references claims not found in his Amended Complaint. *Compare* (Docs. 17, 48), *with* (Doc. 4).

However, general disagreements with the Magistrate Judge fall short of Plaintiff's obligation to make specific objections to an R&R. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Aldrich v. Bock*, 32 F.Supp .2d 743, 747 (E.D.Mich.2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

Similarly, the Court declines to accept Plaintiff's invitation to allow and consider new facts and allegations against certain Defendants at this point in the proceedings. *See Morse v. Specialized Loan Servicing, LLC*, No. 2:16-CV-689, 2018 WL 1725693, at *2 (S.D. Ohio Apr. 10, 2018) ("It is well established that a district court has discretion, but is

6

not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.") (citing *Thompson v. Richardson*, No. 1:12-cv-1332, 2013 WL 4780265, at *1 (W.D. Mich. Sept. 5, 2013) (internal citations omitted)).

Moreover, and to be clear, for Plaintiff to bring this action in this Court, the Court must have subject matter jurisdiction over the claims. Although he cites the 1st, 5th, 7th, Amendments in his objections to the Supplemental R&R, (Doc. 48), his Amended Complaint does not reference those Amendments or contain arguments that could liberally construed as falling under those Amendments. (Doc. 4); *see Erickson*, 551 U.S. at 94. Plaintiff fails to explain—outside of baldly concluding that he has, in fact, presented arguments under the U.S. Constitution—how the facts and arguments in his Amended Complaint grant this Court subject matter jurisdiction. *See e.g.*, 28 U.S.C. § § 1330 (suits against foreign states), 1331 (federal question), and § 1332 (diversity). Although the Court can liberally interpret Plaintiff's Amended Complaint and objections, it cannot manufacture arguments on his behalf and agrees it lacks subject matter jurisdiction, as he fails to raise any claims under federal law or established diversity jurisdiction. Finally, although the Court appreciates and commends Plaintiff's service in the Republic of Vietnam, to the extent that he believes such service confers this Court with jurisdiction in over any claims found in his Amended Complaint, he is misunderstood.

### III. CONCLUSION

In light of the above, it is hereby **ORDERED** that

1. the R&R and Supplemental R&R, (Docs. 16, 47), are **ADOPTED** and Plaintiff's objections, (Docs. 17, 48), are **OVERRULED**;

2. Plaintiff's filing titled "Motion to Amend Statement of the Claim," (Doc. 23), is **DENIED**;

3. Defendants' Motions to Dismiss, (Docs. 18, 20), are **GRANTED**;

4. This matter is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction; and

5. All remaining pending motions or filings, (Docs. 3, 24, 25, 27, 28, 31, 32, 38, 41, 44, 46, 55, 61[4] and 62), are **DENIED AS MOOT.**

The Court further **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[4] The Court notes that Plaintiff filed Documents 55 and 61 *after* the Magistrate Judge expressly informed the parties that "[t]he parties are further notified that no additional motions shall be filed in this matter pending the District Judge's disposition of this Report and Recommendation." (Doc. 47, n2).